May Term,
1837.

LITTEREL
v.
St. John.

---

## Litterel *v.* St. John.

Replevin for the detainer of a horse. Plea, property in defendant. Replication in denial, and issue. It appeared that the plaintiff had bought the horse of the defendant, but that the latter still had him in possession. *Held*, that these facts did not necessarily show that the issue must be found against the plaintiff, unless he had proved a demand and refusal of the horse.

A horse was purchased for 30 dollars, but neither the property nor possession was to pass until the purchaser had executed a note for the price. A note for only eight dollars was, by mistake, executed and delivered in pursuance of the contract. *Held*, that the property in the horse was not changed.

APPEAL from the *Union* Circuit Court.

BLACKFORD, J.—This was an action of replevin for a horse, commenced by *St. John* against *Litterel.* The declaration states that the defendant was lawfully in possession of the horse, but that he unlawfully detained him from the plaintiff, &c. Plea, property in the defendant, concluding with a verification. The replication denies the plea, and concludes to the country (1). Verdict and judgment for the plaintiff.

May Term,
1837.

LITTEREL
v.
ST. JOHN.

*Tuesday
August 22.*

Evidence having been given on the trial, relative to a purchase of the horse by the plaintiff from the defendant, and the testimony being closed, the defendant asked the Court to give the following instruction to the jury:—"That if they believed from the evidence, that the horse was purchased by *St. John* of *Litterel*, and that the latter had never parted with the possession, the jury must find for the defendant, unless, before the commencement of the suit, the plaintiff had demanded the horse, and the defendant had refused to deliver him, or had otherwise tortiously detained him." This instruction the Court refused, but instructed the jury that, under the issue, the suit could be sustained without proof of a demand.

There is no error in this part of the cause. The only question to be tried was, did the horse belong to the defendant? It certainly did not follow, because the plaintiff had bought the horse of the defendant, and the latter had not given possession, that the horse continued to be the defendant's property until the plaintiff demanded him. It does not appear that a demand was indispensable to a change of the property; and we must presume, in favour of the opinion of the Court, that it was not. We are, however, not to be understood as supposing, that the defendant might not, by some other plea, have put the plaintiff upon proof of a demand of the horse. All we say is, that the issue in this case does not require that proof from the plaintiff.

The defendant also asked the following instruction:—"That if it was agreed between the parties, that *St. John* was to give his note for 80 dollars for the horse, before he was entitled to the property or possession of him, and a note was executed for eight dollars, instead of 80 dollars, by a mistake of the parties, and *St. John*, knowing of the mistake, did not, before the commencement of this suit, execute and tender to *Litterel* a corrected note for 80 dollars, agreeably to the contract, he cannot sustain this action." This instruction was refused; but the

May Term, 1837.

Court charged the jury, "that if such note was executed by mistake, the plaintiff could recover, if it was proved that the plaintiff had been always ready, upon demand, to correct the mistake."

The instruction thus given by the Court cannot be sustained. It refers to, and recognises as proved, the facts contained in the last instruction which was refused. The execution of a note for 80 dollars by the plaintiff to the defendant, was a precedent condition, to be performed before the right of property or of possession in the horse was to vest in the plaintiff. That condition has not been complied with. It is not sufficient for the plaintiff to say, that, when he discovered the mistake relative to the note, he was ready, on demand, to correct it: that is not a performance of his part of the contract.

*Per Curiam.*—The judgment is reversed, and the verdict set aside, with costs. Cause remanded, &c.

*O. H. Smith,* and *C. B. Smith,* for the appellant.
*J. Ryman* and *J. Perry,* for the appellee.

(1) According to the rules of pleading in replevin, the plea of property in the defendant concludes with a verification. The replication affirms the property to be in the plaintiff, and concludes to the country. Gilb. on Repl. 228, 229. *Vide* forms of these pleas of property, in a note to *Martin* v. *Ray,* Vol. 1. of these Rep. 292, 3. The following is the form of the replication: "And the said *M.* says, that his writ and declaration aforesaid ought not to be quashed, because he says, that the property of the cattle aforesaid, at the time of the taking of them, was in the said *M.* in manner and form as he by his writ and declaration aforesaid hath above thereof alleged, to wit, at *H.* aforesaid in the county aforesaid: and this he prays may be inquired of by the country." Lill. Ent. 358. Gilb. on Repl. 229.